ATTORNEY GENERAL LOVING HAS RECEIVED YOUR REQUEST FOR AN OPINION ON THE FOLLOWING QUESTION:
 DOES THE 1976 AMENDMENT TO THE SOCIAL SECURITY ACT SET OUT AT 42 U.S.C.A. 405(C)(2)(C)(I) AND (III) AMEND 7 OF THE FEDERAL PRIVACY ACT OF 1974, SO AS TO REQUIRE THE DISCLOSURE OF SOCIAL SECURITY NUMBERS FOR THE PURPOSES ENUMERATED IN 74 O.S. 3112?
AS YOUR INQUIRY CAN BE ANSWERED BY REFERENCE TO EXISTING STATUTES AND CASE LAW, AN OFFICIAL OPINION OF THE ATTORNEY GENERAL DOES NOT APPEAR NECESSARY. HOWEVER, I HOPE YOU FIND THE FOLLOWING INFORMAL DISCUSSION HELPFUL.
SECTION 7(A) OF THE PRIVACY ACT OF 1974 STATES,
"IT SHALL BE UNLAWFUL FOR ANY FEDERAL, STATE, OR LOCAL GOVERNMENT AGENCY TO DENY TO ANY INDIVIDUAL ANY RIGHT, BENEFIT, OR PRIVILEGE PROVIDED BY LAW BECAUSE OF SUCH INDIVIDUAL'S REFUSAL TO DISCLOSE HIS SOCIAL SECURITY ACCOUNT NUMBER."
5 U.S.C.A. 552A NOTE (1982), PUB. L. NO. 93-579,88 STAT. 1909 (1974).
HOWEVER, THE SOCIAL SECURITY ACT, 42 U.S.C.A. 405 (1988), PROVIDES AN EXCEPTION TO THE PRIVACY ACT'S PROTECTION FROM DISCLOSURE. THIS ACT AUTHORIZES STATES TO REQUIRE SUCH DISCLOSURE IF THE NUMBERS ARE UTILIZED FOR THE ADMINISTRATION OF TAXES, GENERAL PUBLIC ASSISTANCE, OR DRIVER'S LICENSES, OR FOR MOTOR VEHICLE REGISTRATION. OKLAHOMA DOES REQUIRE, THROUGH 74 O.S. 3112 (1990), THAT AN INDIVIDUAL DISCLOSE HIS OR HER SOCIAL SECURITY NUMBER WHEN APPLYING FOR OR RENEWING A CLASS D DRIVER'S LICENSE. THUS, THE NUMBERS ARE USED FOR THE ADMINISTRATION OF DRIVER LICENSES, AND THE SOCIAL SECURITY ACT EXCEPTION APPLIES. BECAUSE THE EXCEPTION TO PROTECTION FROM DISCLOSURE APPLIES, THE OKLAHOMA STATUTE IS CONSISTENT WITH THE PRIVACY ACT.
THE CASE LAW WHICH EXISTS ON THIS TOPIC, ALTHOUGH SPARSE, DOES SUPPORT THE INTERPRETATION THAT THE SOCIAL SECURITY ACT AUTHORIZES MANDATORY DISCLOSURE WHERE TAX, GENERAL PUBLIC ASSISTANCE, DRIVER'S LICENSE ADMINISTRATION, OR VEHICLE REGISTRATION LAWS ARE CONCERNED. IN DOYLE V. WILSON, 529 F.SUPP 1343 (D. DEL. 1982), THE COURT EXPRESSLY STATED THAT SUBSECTION (D) OF THE PRIVACY ACT PROVIDES AN EXCEPTION TO THE ACT'S PROTECTION AGAINST DISCLOSURE OF SOCIAL SECURITY NUMBERS. SEVERAL COURTS HAVE UPHELD AS CONSISTENT WITH THE PRIVACY ACT LAWS AND REGULATIONS REQUIRING THAT SOCIAL SECURITY NUMBERS BE PROVIDED DURING APPLICATION FOR GENERAL PUBLIC ASSISTANCE. (SEE, MCELRATH V. CALIFANO, 615 F.2D 434 (7TH CIR. 1980); GREEN V. PHILBROOK, 576 F.2D 440 (2D CIR. 1978); DOE V. SHARP, 491 F.SUPP. 346 (D. MASS. 1980); CHAMBERS V. KLEIN, 419 F.SUPP. 569 (D.N.J. 1976).)
LIKEWISE, MANDATORY SOCIAL SECURITY NUMBER DISCLOSURE IS NOT UNCONSTITUTIONAL. COURTS HAVE CONSISTENTLY REJECTED THE ASSERTION THAT SUCH A LAW VIOLATES AN INDIVIDUAL'S CONSTITUTIONAL RIGHT TO PRIVACY. (SEE, MCELRATH V. CALIFANO, 615 F.2D 441 (7TH CIR. 1980): GREEN V. PHILBROOK, 576 F.2D 440 (2D CIR. 1978); DOYLE V. WILSON, 529 F.SUPP 1343 (D. DEL. 1982); CHAMBERS V. KLEIN, 419 F.SUPP. 569 (D.N.J. 1976); CANTOR V. SUPREME COURT OF PENNSYLVANIA, 353 F.SUPP. 1307 (E.D. PA. 1973); AND CONANT V. HILL, 326 F. SUPP. 25 (E.D. VA. 1971).)
BASED ON THE READING OF THE STATUTES INVOLVED AND PERTINENT CASE LAW, IT APPEARS THAT 74 O.S. 3112 (1990) IS CONSISTENT WITH FEDERAL STATUTORY AND CONSTITUTIONAL LAW. PLEASE NOTE THAT THIS CONCLUSION, HOWEVER, REPRESENTS THE OPINION OF THE UNDERSIGNED ONLY, AND IN NO WAY SHOULD BE TAKEN AS THE OFFICIAL OPINION OF THE ATTORNEY GENERAL.
(CONFIDENTIALITY)
(LINDA K. SOPER)